FILED
MAR - 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

David Wattleton,

    Petitioner,

v.      Civil Action No. 05 0405

United States Department of Justice. MAGISTRATE JUDGE

    Respondent.

05 cv 10884 NG

TRANSFER ORDER

Petitioner is a prisoner at the Devens Federal Medical Center in Ayer, Massachusetts. He seeks to challenge his commitment under 18 U.S.C. § 4243 ("Hospitalization of a person found not guilty only by reason of insanity"). Because petitioner's claim goes to the fact or duration of his detention, it may be pursued through a writ of *habeas corpus* under 28 U.S.C. § 2241. *See* 18 U.S.C. § 4247(g) ("nothing contained in section 4243 or 4246 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention").

The proper respondent in *habeas corpus* cases is the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla*, 124 S.Ct. 2711 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998)(citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Petitioner's custodian is not within this Court's territorial jurisdiction. The Court finds it in the interests of justice and judicial economy to transfer the case. Accordingly, it is this 23 day of February 2005,

ORDERED that this case is TRANSFERRED to the United States District Court for the District of Massachusetts. The Clerk of this Court shall file and docket the petition. Whether petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

Date: 23 February 2005

*Rosemary M. Colly*
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID WATTLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-0438 |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

FILED
MAR 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

This matter is before the Court on consideration of plaintiff's Motion Requesting Reconsideration, which the Court construes as a motion to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Motions under Fed. R. Civ. P. 59(e) are disfavored, and relief under the rule is granted only when the moving party establishes extraordinary circumstances. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) ("Rule 59(e) motions need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice"). Having reviewed plaintiff's motion and the record in this case, the Court finds no basis to grant the relief plaintiff now seeks.

Accordingly, it is hereby



1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID WATTLETON,          )
                          )
       Plaintiff,         )
                          )
    v.                    )  Civil Action No. 05-0438 UNA
                          )
UNITED STATES DEPARTMENT OF )
JUSTICE,                  )
       Defendant().       )
                          )

## MOTION REQUESTING RECONSIDERATION

COMES NOW, THE PLAINTIFF, David Wattleton, through pro se, hereby files this pleading requesting reconsideration of this Court's February 23, 2005 order transferring his case to the District of Massachusetts. He believes that the district court erred in construing his pleadings as a claim challenging the fact or duration of his detention under 28 U.S.C. Section 2241.

The theme of Mr. Wattleton's complaint under 42 U.S.C. Section 1983 is that an insanity acquittee, not unlike himself, cannot challenge his or her commitment under 18 U.S.C. Section 4243 via 28 U.S.C. Section 2255 motion to vacate sentence which violates his or her Equal Protection Clause rights of the United States Constitution. Establishing such an alleged constitutional violation does not in any way invalidate his commitment nor does it challenge his commitment. What it does is challenge the language contained in Section 4243 that precludes him from doing so under Section 2255 motion.

Moreover, even if Mr. Wattleton were challenging his commitment through a writ of habeas corpus under Section 2241, the Northern District of Georgia has jurisdiction to decide a motion brought under 18 U.S.C. Section 4247(h) or (g). See, Archuleta v Hedricks, 365 F3d 644 (8th Cir 2004)("Archuletta's pro se habeas petition could ▬ be brought in the District of Utah while Archuletta is in custody in the Western District of Missouri..."); See also, Braden v 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-94, 93 S.Ct. 1123 (1973) (Supreme Court explaining in Braden, factors to be cnsidered in determining whether venue is proper in a habeas suit).

Therefore, for the aforementioned reasons Mr. Wattleton request that this Court grant his motion for reconsideration because it has jurisdiction to entertain his Section 1983 case.

Dated: This 8 day of March, 2005.

Respectfully submitted

David Wattleton
Pro Se

4

AO 240 (Rev. 9/96)

# UNITED STATES DISTRICT COURT

District of _____

David Wattleton, et al.,
    Plaintiff

V.

U.S. Dept of Justice
    Defendant

APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT

CASE NUMBER: 05 0435

I, David Wattleton _____ declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant    ☐ other    **05 cv 10884 NG**

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?    ☒ Yes    ☐ No    (If "No," go to Part 2)

    If "Yes," state the place of your incarceration  FMC Devens, Ayer, MA

    Are you employed at the institution? No   Do you receive any payment from the _____

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?    ☐ Yes    ☒ No

    a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

    b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

       6-20-99 / $795 per mo. US Marshal Svc, 1800 _____ Rd, Roswell, GA

3. In the past 12 twelve months have you received any money from any of the following sources?

    a. Business, profession or other self-employment    ☐ Yes    ☒ No
    b. Rent payments, interest or dividends             ☐ Yes    ☒ No
    c. Pensions, annuities or life insurance payments   ☐ Yes    ☒ No
    d. Disability or workers compensation payments      ☐ Yes    ☒ No
    e. Gifts or inheritances                            ☐ Yes    ☒ No
    f. Any other sources                                ☐ Yes    ☒ No

If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

2

## Inmate Inquiry

| | | | |
|---|---|---|---|
| **Inmate Reg #:** | 50260019 | **Current Institution:** | Devens FMC |
| **Inmate Name:** | WATTLETON, DAVID | **Housing Unit:** | N UNIT |
| **Report Date:** | 02/08/2005 | **Living Quarters:** | N04-411L |
| **Report Time:** | 3:02:06 PM | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 6854 |
| FRP Participation Status: | No Obligation |
| Arrived From: | BUH |
| Transferred To: | |
| Account Creation Date: | 5/27/2002 |
| Local Account Activation Date: | 8/21/2004 4:34:53 AM |
| Sort Codes: | |
| Last Account Update: | 2/1/2005 2:08:39 AM |
| Account Status: | Active |
| ITS Balance: | $0.00 |

**FRP Plan Information**

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|

## Account Balances

| | |
|---|---|
| Account Balance: | $0.00 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $0.00 |
| National 6 Months Deposits: | $60.00 |
| National 6 Months Withdrawals: | $63.06 |
| National 6 Months Avg Daily Balance: | $5.32 |
| Local Max. Balance - Prev. 30 Days: | $0.00 |
| Average Balance - Prev. 30 Days: | $0.00 |

Inmate Qualifies for OTC Medication



This Inmate is Indigent

## Commissary History

### Purchases

Validation Period Purchases: $0.00
YTD Purchases: $28.13
Last Sales Date: 1/4/2005 12:05:04 PM

### SPO Information

SPO's this Month: 0
SPO $ this Quarter: $0.00

### Spending Limit Info

Spending Limit Override: No
Weekly Revalidation: No
Spending Limit: $290.00
Expended Spending Limit: $0.00
Remaining Spending Limit: $290.00

## Commissary Restrictions

### Spending Limit Restrictions

Restricted Spending Limit: $0.00
Restricted Expended Amount: $0.00
Restricted Remaining Spending Limit: $0.00
Restriction Start Date: N/A
Restriction End Date: N/A

### Item Restrictions

**List Name**   List Type   Start Date   End Date   Userid   Active

## Comments

**Comments:**

# FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983

**In the United States District Court**
**District of** Columbia

David Nittleton, Individually and as Representative of others similarly situated

Enter above the full name of the plaintiff
in this action.

VS.

United States Department of Justice

Enter above the full name of the defendant
or defendants in this action.

CASE NUMBER   1:05CV00438

JUDGE:  Unassigned

DECK TYPE:  Pro se General Civil

DATE STAMP:  03/02/2005

## I. Parties

(In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for any additional plaintiffs.)

A. Name of Plaintiff  David Nittleton
   Current Address  P.O. Box 879, Ayer, Massachusetts  01432

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the same information regarding any additional defendants.)

B. Defendant  United States Department of Justice  is
   employed as  Government
   at  950 Pennsylvania Avenue, Washington, D.C.

C. Additional Defendants _____

## II. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also include the names of any other persons involved, dates and places of events. You may cite Constitutional Amendments you alleged were violated, but do not give any legal arguments or quote any cases or statutes.

If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. (Attach additional sheet if necessary).

See attached

## III. Relief

Briefly state exactly what you want the court to do for you. (Make no legal arguments. Do not cite cases or statutes.)

See attached

( ) Jury Trial        ( ) Non-Jury Trial

**IV. Place of present confinement** FMC-Devens, Ayer, MA 01432

   A. Is there a prisoner grievance procedure in this Institution? ( ) Yes    ( ) No

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

   ( ) Yes    ( ) No

   C. If your answer is **Yes**:

     1. What steps did you take?

     2. What was the result?



D. If your answer is **NO**, explain why not. _____
_____

E. If there is no prison grievance procedure on the institution, did you complain to the prison authorities?

   ( ) **Yes**    ( ) **No**

F. If your answer is **YES**:

   1. What steps did you take? _____
   _____

   2. What was the result? _____
   _____

## V. Previous Lawsuits

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?
   ( ) **Yes**    ( ) **No**

B. If your answer to A is **YES**: You must describe any lawsuits, currently pending or closed, in the space below. (If there is more than one lawsuit, you must describe the additional lawsuits on another piece of paper, using the same outline.)

   1. **Parties to previous lawsuit:**

      Plaintiff(s) _____
      _____

      Defendants _____
      _____

   2. Court (if federal court, name the District; if state court, name county): _____

   3. Docket number: _____

   4. Name of Judge to whom case was assigned _____

   5. Disposition (was the case dismissed? Appealed? Still pending?) _____

   6. Approximate date of filing lawsuit _____

   7. Approximate date of disposition _____

**I declare under penalty of perjury that the foregoing is true and correct.**

_2-10-05_____        __(signature)_____
   (Date)                                      (Signature of Plaintiff)

3,

COMES NOW, the plaintiff, David Wattleton, through pro se, a **involuntary** committed patient at the Federal Medical Center at Devens, Ayer, Massachusetts ("FMC-Devens"), hereby initiates this action individually and as a representative of others similarly situated asserting that the provision contained within 18 U.S.C. Section 4243 that does not permit him to challenge the legality of his commitment in a motion to vacate sentence pursuant to 28 U.S.C. Section 2255 is unconstitutional and a deprivation of rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment t to the Constitution of the United States. This case involves a constitutional challenge to the federal procedures for the release of patients committed to a federal mental hospital pursuant to 18 U.S.C. Section 4243 after the government has successfully argued for a not guilty of a federal offense only by reason of insanity ("NGRI"). Mr. Wattleton specifically seeks; (1) a declaratory judgment against the United States in the form of an opinion from the court as to whether it is constitutionally permissible for a involuntarily committed patient to challenge his or her commitment via Section 2255; (2) and if not declare that it is unconstitutional, and (3) a preliminary and permanent injunction enjoining the United States to refrain from depriving him and others similarly situated of their right to challenge the commitment via Section 2255. Mr. Wattleton further seeks class certification on the grounds of " adequately representing the interest of the class " as required by Federal Rules of Civil Procedure 23(a).

Mr. Wattleton believes that he is the only person in the entire United States whom has been denied the opportunity to argue that his court appointed defense attorney rendered him ineffective assistance at trial and on direct appeal. In so doing he asserts that he has been singled out for a special burden to which others have not been subjected. And because he has been singled out by the defendants and the defendants have no legitimate or rational justification for its action this violates Mr. Wattleton's rights under the Equal Protection Clause of the Fourteenth Amendment. Moreover, by depriving him of arguing ineffective assistance of counsel he believes there may be no way to determine whether he

1

received his Sixth Amendment guaranteed right to such assistance.

To support his equal protection claim Mr. Wattleton relies on both direct and circumstantial evidence. He asserts that an insanity acquittee cannot challenge the legality of his or her involuntary commitment under 28 U.S.C. Section 2255. See, <u>Archuleta v Hedricks</u>, 365 F3d 644 (8th Cir 2004). Mr. Wattleton interprets this to mean that mentally normal plaintiffs receive more favorable treatment when seeking relief from lawful incarceration than mentally ill plaintiffs. Thus, by treating Mr. Wattleton and others similarly situated differently it violates their rights under the equal protection clause.

Mr. Wattleton believes that when the government has successfully argued for a not guilty by reason of insanity verdict it is virtually impossible for an insanity acquittee to successfully challenge his or her commitment without an ineffective assistance claim. In fact the only way that the government can raise NGRI is when the defense moves for a Rule 12.2 Notice to rely on an NGRI defense. In those types of situation an insanity acquittee may wish to argue a dueprocess deprivation in a Section 2255 just like his mentally normal counterpart. Moreover, an ineffective assistance claim in that particular instance would be the most important part of the challenge to the commitment and those types of claims are ordinarily within the domain of Section 2255.

In conclusion, because Mr. Wattleton has been singled out by the United States for a special burden to which others have not been subjected and the United States cannot offer no legitimate purpose to justify this unfair burden Mr. Wattleton believes that treating him and others similarly situated differently violates their rights under the equal protection clause of the 14th Amendment. Therefore, this court should grant Mr. Wattleton declaratory and injunctive relief consistent with the above against the United States. The purpose of this action is to argue that there is no reasonably conceivable state of facts that could provide a rational basis for violating Mr. Wattleton's rights under the Equal Protection Clause.

CLOSED, PROSE-PR, TRANSFERRED, TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:05-cv-00438-UNA
### Internal Use Only

WATTLETON v. DEPARTMENT OF JUSTICE
Assigned to: Unassigned
Cause: 42:1983 Civil Rights Act

Date Filed: 03/02/2005
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: U.S. Government Defendant

**Petitioner**
**DAVID WATTLETON**

represented by **DAVID WATTLETON**
P.O. Box 879
Ayer, MA 01432
PRO SE

MAGISTRATE JUDGE

V.

**Respondent**
**DEPARTMENT OF JUSTICE**

05 10884 NG

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2005 | 1 | COMPLAINT against DEPARTMENT OF JUSTICE filed by DAVID WATTLETON.(bjsp, ) (Entered: 03/08/2005) |
| 03/02/2005 | | SUMMONS Not Issued as to DEPARTMENT OF JUSTICE (bjsp, ) (Entered: 03/08/2005) |
| 03/02/2005 | 2 | MOTION for Leave to Proceed in forma pauperis by DAVID WATTLETON. (bjsp, ) (Entered: 03/08/2005) |
| 03/02/2005 | 3 | ORDERED that this case be transferred to USDC for District of Massachusetts. The motion to proceed IFP will be decided by transfer Court.. Signed by Judge Rosemary M. Collyer on 2/23/05. (bjsp, ) (Entered: 03/08/2005) |
| 03/10/2005 | 4 | MOTION for Reconsideration re [3] Order transferring case to USDC for District of Massachusetts by DAVID WATTLETON. (bjsp, ) (Entered: 03/18/2005) |
| 03/22/2005 | 5 | ORDER re [4] MOTION for Reconsideration re [3] Order Dismissing Case is denied filed by DAVID WATTLETON, . Signed by Chief Judge Thomas F. Hogan on 3/22/05. (bjsp, ) (Entered: 03/25/2005) |
| 04/26/2005 | | Case transferrred out to USDC for District of Massachusetts. (bjsp, ) (Entered: 04/26/2005) |