UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID WATTLETON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | C.A. No. 05-10884-NG |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION ON**
**PETITION FOR WRIT OF HABEAS CORPUS**

October 31, 2005

DEIN, U.S.M.J.

## I. INTRODUCTION

The petitioner, David Wattleton ("Wattleton" or "Petitioner"), is confined at the Devens Federal Medical Center ("FMC Devens") under 18 U.S.C. § 4243, which provides for hospitalization of a person found not guilty only by reason of insanity. He has brought this action contending that his confinement is unlawful because he does not have the right to challenge his commitment under 28 U.S.C. § 2255. Because this court concludes that Wattleton has the right to challenge his commitment under 28 U.S.C. § 2241, this court recommends to the District Judge to whom this case is assigned that the Petition be DENIED.

## II. STATEMENT OF FACTS

Wattleton is currently in custody at FMC Devens in Ayer, Massachusetts. In 2000, he was committed pursuant to 18 U.S.C. § 4243 after being acquitted by reason of insanity of making telephonic bomb threats. See United States v. Wattleton, 110 F. Supp. 2d 1380 (N.D. Ga. 2000), aff'd, 296 F.3d 1184 (11th Cir. 2002). On March 2, 2005, Wattleton filed in the United States District Court for the District of Columbia a pleading captioned as a complaint under 42 U.S.C. § 1983, in which Wattleton alleges that "the provision contained within 18 U.S.C. Section 4243 that does not permit him to challenge [sic] the legality of his commitment in a motion to vacate sentence pursuant to 28 U.S.C. Section 2255 is unconstitutional and a deprivation of rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States." Compl. (Docket No. 1) at 1.[1] Wattleton further asserts that because "an insanity acquittee cannot challenge the legality of his or her involuntary commitment under 28 U.S.C. Section 2255 . . . . mentally normal plaintiffs receive more favoravle [sic] treatment when seeking relief from lawful incarceration than mentally ill plaintiffs." Id. at 2. More specifically, Wattleton complains that, because he cannot file a motion under 28 U.S.C. § 2255, "he is the only person in the entire United States whom [sic] has been denied the opportunity to argue that his court appointed defense attorney rendered him ineffective assistance at trial and on direct appeal." Id. at 1. Thus, Wattleton is seeking a declaration

---

[1] Wattleton's complaint consists of a three-page form complaint and a two-page attachment. All citations to the complaint ("Compl.") refer to the separately-numbered attachment.

that "it is constitutionally permissible for an involuntarily committed patient to challenge his or her commitment via Section 2255[.]" Id.

The court for the District of Columbia characterized Wattleton's claim as "go[ing] to the fact or duration of his detention" and construed the complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Transfer Order (Docket No. 6) at 1. Because the proper respondent to a petition for a writ of habeas corpus is the petitioner's warden or immediate custodian, see Rumsfeld v. Padilla, 542 U.S. 426, 124 S. Ct. 2711, 2720, 159 L. Ed. 2d 513 (2004), the court for the District of Columbia ordered that this action be transferred to the District of Massachusetts — the district in which Wattleton is confined. (Docket No. 6). Wattleton moved for reconsideration of the Order of Transfer, reiterating his position that the inability of an insanity acquittee to "challenge his or her commitment under 18 U.S.C. Section 4243 via [a] 28 U.S.C. Section 2255 motion to vacate sentence . . . violates his or her Equal Protection Clause rights of the United States Constitution." (Docket No. 4). Wattleton argued that construing his action as a § 2241 petition was improper because he was challenging the fact that he was precluded from challenging his commitment under § 4243 by way of a petition under § 2255. Id. The court denied Wattleton's motion for reconsideration, and the action was transferred to the District of Massachusetts.

### III.  DISCUSSION

#### A.  The Court's Authority to Screen the Petition

Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, also applicable to § 2241 petitions,[2] the court is required to examine a habeas petition, and, if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition."  Rule 4; see also McFarland v. Scott, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572, 129 L. Ed. 2d 666 (1994) (habeas petition may be dismissed summarily if it appears to be legally insufficient on its face); 28 U.S.C. § 2243 (requiring the court to order the respondent to reply to the petition "unless it appears from the application that the applicant or person detained is not entitled [to the writ of habeas corpus]").

#### B.  The Merits of Wattleton's Petition

As detailed above, Wattleton alleges that the inability of person committed under 18 U.S.C. § 4243 to bring a motion under 28 U.S.C. § 2255 violates his equal protection rights.[3]  Section 2255 permits "[a] prisoner in custody under sentence of a [federal] court

---

[2] At the discretion of the district court, the rules governing cases under 28 U.S.C. § 2254 may be applied to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).

[3] Because Wattleton challenges federal law, the Fourteenth Amendment to which he cites is inapplicable because it prohibits certain conduct by states.  The court will construe Wattleton's allegations as advancing an argument that his inability to bring a § 2255 motion to challenge his confinement violates his Fifth Amendment equal protection rights.  See Buckley v. Valeo, 424

. . . claiming the right be released upon the ground that the sentence was imposed in violation of the Constitution . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (emphasis added).  Wattleton has correctly pointed out that an individual acquitted by reason of insanity is not "in custody under sentence" of a court, and, therefore, "is not eligible for relief under 28 U.S.C. § 2255." Archuleta v. Hedrick, 365 F. 3d 644, 648 (8th Cir. 2004) (cited by Wattleton).

Wattleton errs, however, in concluding that a § 2255 motion is the sole means by which an individual may challenge the constitutionality of his confinement.  An individual whose custody is not "under sentence" may seek relief through a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which provides, inter alia, that "[t]he writ of habeas corpus shall not extend to a prisoner[4] unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  See also Archuleta, 365 F. 3d at 648 (§ 2241 petitioner who had been acquitted of a federal crime by reason of insanity had "invoked the proper statute" to challenge the constitutionality of his commitment); United States v. Boigegrain, 155 F.3d 1181, 1186-

---

U.S. 1, 93, 96 S. Ct. 612, 670, 46 L. Ed. 2d 659 (1976) ("Equal protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment.")

[4] Although a person committed under 18 U.S.C. § 4243 is not a "prisoner" for purposes of the Prison Litigation Reform Act, see, e.g., Perkins v. Hedricks, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam), "the word 'prisoner' in § 2241(c) clearly does not narrow the availability of the writ to persons in jail only," but also allows for a remedy for persons otherwise restricted. Sylvander v. New England Home For Little Wanderers, 584 F.2d 1103, 1110 (1st Cir. 1978).

87 (10th Cir. 1998) (federal criminal defendant found incompetent to stand trial and ordered temporarily committed could raise claim of ineffective assistance of counsel and challenge the constitutionality of his confinement through a § 2241 petition); 3 Charles Alan Wright et al., Federal Practice and Procedure § 591 (2004) (relief under § 2241 available where federal defendant is "committed for mental incompetency"). In fact, 18 U.S.C. § 4247(g) states that "[n]othing contained in [18 U.S.C.] section 4243 or 4246 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention." 18 U.S.C. § 4247(g). Further, a claim of ineffective assistance of counsel–the grounds on which Wattleton suggests his commitment is unconstitutional–may be raised in a § 2241 petition. See, e.g., Stantini v. United States, 140 F.3d 424, 426 (2d Cir. 1998) (noting that convicted federal defendant properly raised an ineffective assistance of counsel claim in a § 2241 petition; relief under § 2255 was not available because defendant had not yet been sentenced); cf. Hernandez v. Reno, 238 F.3d 50, 54 (1st Cir. 2001) (§ 2241 proper vehicle for immigration detainee faced with immediate deportation to bring claim of ineffective assistance of counsel in regard to immigration proceedings).[5]

In short, Wattleton has not been denied the opportunity to argue that he received ineffective assistance at trial and on direct appeal. If Wattleton chooses, he may file a

---

[5] Under Section 106 of the newly-enacted REAL ID Act of 2005, Pub. L. No. 109-13, Div. B; 119 Stat. 231, 302 (May 11, 2005), challenges to removal actions must now be brought in the circuit courts of appeals. This statute does not, however, alter the rule that other persons not "in custody under sentence," 28 U.S.C. § 2255, may raise an ineffective assistance of counsel claim in a § 2241 petition.

§ 2241 petition challenging the constitutionality of his confinement on the ground that his counsel's performance fell below that required under the Sixth Amendment.[6] Because the adjudication of such a petition would not be procedurally or substantively inferior to the adjudication of a § 2255 motion, Wattleton's inability to bring a § 2255 motion does not compromise his rights under the equal protection component of the Due Process Clause. Thus, it "plainly appears" from the face of Wattleton's petition that he is not entitled to the relief he seeks.[7]

---

[6] The court does not express any opinion on the merits of such a petition.

[7] For the same reason, even if Wattleton's action arose under 42 U.S.C. § 1983 or under the doctrine stated in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), the court would recommend that this case be dismissed. See 28 U.S.C. § 1915(e)(2)(B) (authorizing district court to dismiss in forma pauperis actions that are frivolous, malicious, or that fail to state a claim on which relief may be granted).

## IV.  CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Petition for Writ of Habeas Corpus be DENIED.[8]

                                            / s / Judith Gail Dein
                                            Judith Gail Dein
                                            United States Magistrate Judge

---

[8] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54 (1985); accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).