IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

DAVID WATTLETON,

    Plaintiff,

vs.

C.A. No. 05-10884-NG

UNITED STATES DEPARTMENT OF
JUSTICE,

    Respondent.

MOTION IN OPPOSITION OF MAGISTRATE JUDGE
REPORT AND RECOMMENDATION

NOW COMES, the plaintiff, David Wattleton, through pro se, hereby files this motion in accordance with the provisions of Fed. R. Civ. P. 72 objecting to the Honorable Magistrate Judge Judith Gail Dein report and recommendation chararcterizing the plaintiff's 42 U.S.C. § 1983 action as one brought procedurally under 28 U.S.C. § 2241 and recommending to the district court judge to whom the case is assigned to deny the petition. The plaintiff believes that although his inability to bring a 28 U.S.C. § 2255 motion does not deny him the opportunity to argue that he received ineffective assistance at trial and on direct appeal. THis inequitable situation is not corrected by simply permitting him to challenge the constitutionality of his confinement by motion remedy of a § 2241 petition. He asserts that there are numerous

1

adminstrative and procedural disadvantages that a petitioner-acquittee in a § 2241 proceeding encounters that a prisoner attacking a sentence in a § 2255 motion proceeding does not.. To simply say that the most obvious adminstrative disadvantage of the motion remedy under § 2241 is the $5.00 filing fee or that the one procedural difference between a prisoner in a § 2255 proceeding and a petitioner in a § 2241 proceeding is merely grammatical, both are afforded the same rights and are not different in scope is to over-simplify the plaintiff's argument.

The Magistrate Judge Dein has cited cases which suggest that ineffective assistance at trial or on direct appeal may be brought in a § 2241 proceeding without elaboration. The Magistrate court relies on U.S. v Boigegrain, U.S. v Stantini and Hernandez v Reno for support. However, in those cases, the defendants were mentally normal prisoners-detainees awaiting the imposition of a sentence or deportation and although Boigegrain was initially found to be incompetent to stand trial, he was later determined to be competent to stand trial and enter a guilty plea. So that case was about whether defense counsel had a duty to move for an psychological evaluation over the client's objection. Here, the issue is whether defense counsel had a duty to follow the wishes of a hospital certified competent client.

In such case, the plaintiff XXXXXXXX believes that an involuntarily committed patient pursuant to 18 U.S.C. § 4243 has a distinct disadvantage in a § 2241 petition when arguing ineffective assistance than a patient committed for the purposes of being restored to comepetncy.

Wherefore, for the aforementioned reason the plaintiff request for an order from this court consistent with the above.

Respectfully submitted,

David Wattleton